## 8946

### HOWELL v. ATLANTIC COAST LINE R. R. CO.

#### (83 S. E. 639.)

MASTER AND SERVANT. EVIDENCE. NONSUIT. ISSUE FOR JURY. FEDERAL EMPLOYERS' LIABILITY ACT.

1. TRIAL—DIRECTION OF VERDICT—REVIEW.—In determining whether the denial of defendant's motion for directed verdict was proper, the only question for the appellate Court is whether there was any evidence which warranted a reasonable finding in favor of plaintiff.

2. EVIDENCE—ADMISSIONS—CORPORATE AGENTS.—In an action by a baggageman who claimed that he was hurt while loading trunks on a local train, testimony that the conductor said that the train was plying between local points is competent evidence that it was not an interstate train, as claimed by defendant.

3. MASTER AND SERVANT—INJURIES TO SERVANT—ACTIONS—EVIDENCE.—In an action by a railroad employee, the questions whether he was an employee at the time of his injury, and whether he was engaged in intrastate or interstate commerce, *held* properly submitted to the jury.

4. TRIAL—QUESTIONS FOR JURY—NONSUIT.—A nonsuit should be granted or a verdict directed where the evidence is not sufficient to warrant a reasonable jury in basing a verdict upon it.

5. MASTER AND SERVANT—EMPLOYERS' LIABILITY ACT—PRACTICE—APPLICATION OF FEDERAL PRACTICE.—The State Courts, in the administration of the Federal Employers' Liability Act (act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. 1913, sections 8657-8665]), or in those cases where it is claimed to apply, need not follow the Federal practice, but may be guided by their own.

Before C. J. RAMAGE, special Judge, St. Matthews, November, 1913. Affirmed.

27—99

Action by J. H. Howell against Atlantic Coast Line R. R. Co. From a judgment for plaintiff, defendant appeals. The facts are stated in the opinion.

*Messrs. Henry E. Davis* and *Marvin M. Mann*, for appellant, submit: *Alleged statement of conductor was hearsay and incompetent:* 52 S. C. 309. *Sufficiency of evidence was for the trial Court on motion to direct verdict for defendant:* 109 U. S. 478; 27 L. Ed. 1003; 164 U. S. 301; 41 L. Ed. 442; 179 U. S. 658; 45 L. Ed. 361; 232 U. S. 248. *Federal Employers' Liability Act creates the cause of action in favor of employee:* 257 U. S. 145; 57 L. Ed. 456, *and repealed all State laws on the subject:* 223 U. S. 156; 57 L. Ed. 327; 226 U. S. 570; 57 L. Ed. 355; 227 U. S. 59; 57 L. Ed. 417; 228 U. S. 702; 57 L. Ed. 1031; 229 U. S. 156; 57 L. Ed. 1129; 229 U. S. 146 and 156; 57 L. Ed. 1125; 229 U. S. 157; 57 L. Ed. 1129; 207 Fed. 311. *The limitation of time in Federal statute bars action:* 70 S. C. 254; 226 U. S. 570; 57 L. Ed. 355; 229 U. S. 156; 57 L. Ed. 1129.

*Messrs. DeBruhl, McLauchlin & Smith*, for respondent.

September 25, 1914.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Plaintiff recovered judgment against defendant for $200.00 damages for personal injuries. He testified that in June, 1910, he was employed in loading trunks on one of defendant's passenger trains, at the Union Station, in Columbia; that while attempting to place a heavy trunk upon others in the baggage car a shifting engine struck the car so suddenly and violently that he was thrown down and the trunk fell on him and injured him; that the leaving time of the train was 6:05 a. m., and that it was bound for Charleston; that he had never traveled on the train him-

self, but that the conductor, Captain Johnson, told him that it was bound for Charleston; that, at that time, defendant ran a train from Columbia to Charleston leaving at that hour—that both Captain McKay, under whom he worked, and Captain Johnson told him so; that, at that time, there was an unusual amount of travel, on account of the closing of the schools in Columbia.

For the defendant, the station master, Hahn, testified that he had charge of the station, employed the help and handled the pay rolls of all employees, and that plaintiff was not employed at the station in June, 1910, and had not been employed there since May, 1908; that, in 1910, defendant had no train which left Columbia at 6:05 a. m. for Charleston; that the train leaving at that hour was for Wilmington; that there was a local train which made connection at Sumter and Florence for Charleston and that it might go to Charleston; that the only through train for Charleston left at 5:05 p. m.; that he did not remember any extra for Charleston being run at that time, but could not swear that one had not been run, but, if so, it carried no baggage, as only the regular trains carried baggage.

Leckie, the night baggage agent, testified that plaintiff was not employed there in June, 1910, and corroborated Hahn as to the running of the trains.

Hare, defendant's assistant superintendent, corroborated defendant's other witnesses as to the running of the trains, and said defendant had no conductor named Johnson running a train from Columbia to Charleston at that time.

Upon all the testimony, defendant moved the Court to direct a verdict in its favor on the ground that the evidence showed that plaintiff was injured while employed in interstate commerce, as the train on which he was hurt ran from Columbia to Wilmington, N. C., and, therefore, the Federal Employers' Liability Act was applicable, and plaintiff's action was barred, not having been commenced within two years from date of his injury. The motion was overruled.

The sole question for decision is whether the Court erred in refusing the motion.   If the evidence that the train on which plaintiff was hurt ran from Columbia to Wilmington had been undisputed the motion should have been granted on the ground taken by defendant.   The question, then, is narrowed to this: Was there any evidence which warranted a reasonable finding that it ran from Columbia to Charleston?   If so, the case was properly submitted to the jury, and it was for them to say, under proper instructions, whether it was an interstate or an intrastate train.   *North Carolina R. Co.* v. *Zachary*, 232 U. S. 245, 34 Sup. Ct. 305, decided February 2, 1914.   The synopsis of the evidence above given shows that there was such evidence.   The statement of the conductor to plaintiff was competent to prove the destination of the train, because he was the representative of defendant.   If·he had told a passenger that the train was bound for Charleston, and the passenger had gotten aboard and been carried to Wilmington, there can be no doubt that the statement of the conductor would be competent evidence against defendant in an action by the passenger for damages.   Clearly, therefore, there was evidence which required submission of the issues to the jury.

Appellant contends that the evidence was not sufficient to sustain the verdict.   But we have often held that the weight of the evidence is for the consideration of the trial Court and the jury.   They see and hear the witnesses and have the opportunity of noting many things that cannot be put down in the record.   The evidence of defendant that plaintiff was not working at the station in June, 1910, was nearly, if not quite, as convincing, as it appears in the record, as that the train was bound for Wilmington; and if appellant's contention be sound as to the proposition stated, the Court could with equal propriety have directed the verdict for defendant on the ground that

plaintiff was not injured while working for defendant, as testified by him.

We do not agree to the statement, in the argument of appellant's attorneys, of the rule in the Courts of this State as to the character and quantity of evidence which is sufficient to carry a case to the jury. We have frequently held that a *nonsuit* should be granted or the verdict directed, unless the evidence is sufficient to warrant a reasonable jury in basing a verdict upon it, and we have held, in cases too numerous to mention, that when the evidence is susceptible of only one reasonable inference, the Court must declare what that inference is, as matter of law. Any other rule would substitute the decision of the trial Judge for that of the jury in the trial of issues of fact.

Nor do we agree that, in the administration of the Federal statute, the State Courts must apply a different rule of procedure from that which obtains in the administration of State laws. The Federal statute does not so require, and in the absence of anything therein to the contrary, it will be presumed that Congress intended that it should be administered by the State Courts, as the laws of the State are therein administered.

This case affords an excellent illustration of the difficulty and confusion that would result from an attempt to apply a different rule of procedure from that which obtains in the administration of State laws. According to appellant's contention, if the Federal statute is applicable, the Court must depart from its own rule, and decide on the weight of the evidence, and direct a verdict for defendant, if, in its opinion, the evidence is insufficient to sustain a verdict for plaintiff, but it is conceded that, under the rule of procedure in the State Court, if the Federal statute is not applicable, the Court could not have directed the verdict. As the applicability of the statute is the question at issue, which horn of the dilemma must the Court take? If it decides the facts, and holds the statute applicable, it denies plaintiff

his right, under the Constitution, to have the jury decide the facts. On the other hand, if it follows its own rule of procedure and submits the issue to the jury, if appellant's contention be correct, it denies defendant its right, under the Federal rule of procedure, to have the Court decide the facts. This shows the futility of attempting to apply conflicting rules of procedure in the same cause.

Judgment affirmed.