## 9362

### MULLIGAN v. ATLANTIC COAST LINE R. CO. *ET AL.*

#### (88 S. E. 445.)

1. NEGLIGENCE—EVIDENCE—BURDEN OF PROOF.—In an action for injuries the plaintiff assumes the burden of furnishing evidence of negligence.
2. NEGLIGENCE—EVIDENCE—DIRECT OR CIRCUMSTANTIAL.—In an action for injuries the negligence of defendant may be proved by either direct or circumstantial evidence.
3. MASTER AND SERVANT. — RULES OF EVIDENCE — UNDER FEDERAL EMPLOYERS' LIABILITY ACT.—The State rules as to sufficiency of evidence to prove negligence apply in actions under the Federal Employers' Liability Act, April 22, 1908, c. 149, 35 Stat. 65 (U. S. Comp. St. 1913, secs. 8657-8665) ; as that act contains no specific provision as to quantity or method of proof of negligence.
4. TRIAL—RECEPTION OF EVIDENCE—RES GESTAE.—The trial Court has considerable discretion in determining what is *res gestae.*
5. APPEAL AND ERROR—EXCLUSION OF EVIDENCE—HARMLESS ERROR.—No error can be predicated on the exclusion of evidence which is afterwards given by other witnesses.

Before HON. C. J. RAMAGE, special Judge, Columbia, October, 1914.    Affirmed.

Action by Elizabeth A. Mulligan, administratrix, against the Atlantic Coast Line Railroad Company.    From a judgment for the plaintiff, defendant appeals.

*Messrs. Barron, McKay, Frierson & Moffat, P. A. Willcox* and *Lucian W. McLemore,* for appellant, cite: *As to care in keeping light in good order:* 179 U. S. 658; 166 U. S. 617.    *Duty toward yard employees:* 145 U. S. 418.    *Sufficiency of evidence to present issue for jury:* 99 S. C. 417.

*Proximate cause:* 67 S. C. 290; 87 S. C. 193; 72 S. C. 404; 160 Fed. 348, 352; 98 S. C. 348; 179 U. S. 658; 200 U. S. 480, 488; 191 U. S. 64; 96 Me. 207; 52 Atl. 771; 90 Am. St. Rep. 335; 191 Fed. 776; 4 Labatt, M. & S., sec. 1604. *Practice in cases under Federal Employers' Liability Act:* 99 S. C. 417; 223 U. S. 57; Roberts, Injuries to Interstate Employees on Railroads, sec. 2, p. 37; 234 U. S. 85; 233 U. S. 80; 79 S. E. 932; 233 U. S. 492; 238 U. S. 507; 229 U. S. 263; 236 U. S. 668; 94 U. S. 278; 109 U. S. 478; 164 U. S. 301; 179 U. S. 658. *Statements of deceased in evidence:* 34 S. E. 316, 317; 52 Pac. 81; 68 Am. St. Rep. 344; 91 N. W. 28; 94 Am. St. Rep. 669; 35 Atl. 190; Greenleaf Ev. (14th ed.), secs. 147 and 148; 41 L. R. A. 860; 13 Cyc. 352.

*Messrs. Pierce Bros.* and *P. C. O'Gorman,* for respondent, cite: *As to nonsuit:* 64 Ga. 306; 56 S. C. 446; 81 S. C. 456; 85 S. C. 355; 66 S. C. 482; 80 S. C. 601; 14 Idaho 327; 12 *Ib.* 637; 64 Ill. App. 231; 92 Ia. 328; 60 N. W. 653; 112 Ill. App. 537; 78 Mich. 271; 18 Am. St. Rep. 441; 174 Ill. 495; 190 Ill. 217; 34 Cal. 153; 57 Pa. 374; 58 Am. Rep. 227; 65 Atl. 737; 139 U. S. 24; 164 U. S. 158; 159 Fed. 532; 94 Fed. 604; 20 C. C. A. 634. *Res gestae:* 86 S. C. 98; 95 N. W. 1057; 69 Neb. 456; 5 L. R. A. (N. S.) 809; 112 Ga. 553; 77 S. E. 863; 3 Wigmore Ev., sec. 1750, p. 2257. *Harmless error:* 72 S. C. 424; 103 Va. 719; 49 S. E. 988; 85 S. C. 90; 67 S. E. 242; 97 Ala. 211; 67 S. C. 481; 46 S. E. 283; 69 S. C. 150; 48 S. E. 106; 52 S. C. 1; 29 S. E. 565; 52 S. C. 1 and 371; 60 S. C. 9; 93 S. C. 168; 42 L. R. A. (N. S.) 727.

*Mr. E. J. Best,* also for respondent, cites: *As to circumstantial evidence:* 39 S. C. 39; 98 S. C. 53; 191 U. S. 99. *Sufficiency of evidence:* 98 S. C. 42. *Res gestae:* 86 S. C. 98; 100 S. C. 375. *Harmless error:* 72 S. C. 424; 85 S. C. 90; 69 S. C. 150; 52 S. C. 1 and 371; 60 S. C. 9.

March 29, 1916.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This was an action for damages by the plaintiff against the defendant for damages brought under the Federal Employers' Liability Act for the death of plaintiff's intestate. It is admitted that the deceased was engaged in interstate commerce. The case was tried before Special Judge Ramage, and a jury, at the Richland county term of Court, and resulted in a verdict in favor of plaintiff for $10,000. After entry of judgment defendant appeals.

The first exception is as follows:

First. That his Honor, the trial Judge, erred in refusing to grant defendants' motion for nonsuit and for direction of verdict on the following grounds: (a) That there was not sufficient evidence in support of the allegations of the complaint to warrant the submission of the cause to the jury; (b) that there was no evidence to go to the jury to support the allegations of actionable wrong in the complaint; (c) there was no evidence that the proximate cause of the injuries to the plaintiff's intestate was the negligence of the defendant, the manner in which said injuries were received being purely conjectural and shrouded in mystery.

It is not essential that in establishing liability and proving negligence that there must be eyewitnesses to the transactions to establish the fact or be direct, but the evidence can be either direct or circumstantial. The plaintiff assumed the burden of furnishing evidence, but the proof may be either direct or circumstantial. *Hicks* v. *Sumter Mills,* 39 S. C. 39, 17 S. E. 509; *Bennett* v. *Southern Railway,* 98 S. C. 53, 79 S. E. 710.

Under the evidence in the case there was sufficient evidence to carry the case to the jury on the issue whether or not the decedent's death was caused by the acts of negligence or some of them on the part of the defendant alleged in the complaint.

It has been held in the case of *Thornton* v. *Railway,* 98 S. C. 349, 82 S. E. 433, and authorities therein cited:

"In an action for negligent injuries or wrongful death, plaintiff's failure to prove one of the several acts of negligence alleged does not warrant a direction of a verdict for defendant. Where the servant of a railroad was run down in the yards, but there were no eyewitnesses to his death, it will not be presumed that he intended to commit suicide, and threw himself under the cars, but it will be presumed that he was attempting to carry out his duties with due care. While negligence cannot be presumed, but must be proved, it may be established by circumstantial evidence. If there is no competent evidence to go to the jury, a nonsuit should be granted."

This exception is overruled.

The second exception is:

Second. That his Honor erred in applying in this case the scintilla doctrine to determine whether the issues would be submitted to the jury, and in refusing to apply the doctrine of sufficiency of evidence recognized and applied in the Federal Courts, since this was an action under the Federal Employers' Liability Act of April 22, 1908, as amended April 5, 1910, and governed by the rules of the national Courts in determining the negligence.

This exception is overruled under the authorities of *Bennet* v. *Railway,* 98 S. C. 53, 79 S. E. 710; *Howell* v. *Railway,* 99 S. C. 417, 83 S. E. 639; *Koennecke* v. *Railway,* 101 S. C. 86, 85 S. E. 374.

In the recent case of *Dutton* v. *A. C. L. Co.,* 104 S. C. 16, 88 S. E. 263, Chief Justice Gary has discussed the matter and collated the authorities and gone thoroughly into the questions made by this exception, and the decision of the Court is adverse to the views of the appellant.

The third and fourth exceptions are:

Third. That his Honor erred in refusing to admit in evidence as part of the *res gestae* the statements of plaintiff's intestate as to the manner of his injury and his actions in connection therewith, as testified by: (a) Wm. Bates; (b) John Enwright; (c) Sam Dixson; (d) J. T. Potter; (e) W. H. Dorn.

Fourth. That his Honor erred in refusing to admit in evidence statements against interest by the deceased principal in whose place the plaintiff stands, as testified by: (a) Wm. Bates; (b) John Enwright; (c) Sam Dixson; (d) J. T. Potter; (e) W. H. Dorn.

As to exception 3, as to what statement should be submitted under the doctrine of *res gestae* must be left to the sound discretion of the trial Judge (*Mims* v. *A. C. L. Ry.,* 100 S. C. 375, 85 S. E. 372), and we see no abuse of discretion or error in any way in his Honor's ruling.

As to exception 4, there was no error as the same was cured by subsequently allowing the same facts to be proven, and, if there was error in the first instance in excluding it when the identical facts were admitted at another time or in any other form this error was cured. Objection as to Bofil's evidence made by plaintiff was withdrawn, and he was permitted to testify as to the matters and facts that an attempt had been made to elicit from other witnesses, and the defendant got the facts to the jury for them to pass upon.

All exceptions are overruled.

Judgment affirmed.