14612

MONTGOMERY v. NATIONAL CONVOY & TRUCKING CO. *ET AL.*

(195 S. E., 247)

168

May, 1937.

*Messrs. Osborne, Butler & Moore,* for appellant, Frank G. North, Inc.,

*Messrs. Love & Thornton,* for appellant, National Convoy & Trucking Co.,

*Messrs. Perrin & Tinsley,* for respondent,

February 2, 1938.

The opinion of the Court was delivered by Mr. Justice Baker.

Action in tort by respondent against appellants, the complaint alleging that respondent's damage and injuries were the direct and proximate result of the joint and several acts of negligence and carelessness of the appellants in the operation of their trucks on the main highway between Spartanburg, S. C., and Charlotte, N. C. There are thirteen specifications of negligence, etc., contained in the complaint, but for a decision of this case it is unnecessary to set out herein the specifications, other than (j), (k), and (m), which follow:

"(j) In that both of the defendants herein were jointly and severally negligent, careless, wilful, wanton and reckless in failing to send their drivers ahead to warn the approaching cars of the danger which impended and in failing to place flares along said highway as a warning to an approaching automobile that said highway was entirely blocked.

"(k) In that the defendants were jointly and severally wilful and wanton in failing to give any warning whatsoever to approaching automobiles that the entire highway was blocked by their respective trucks, even though a considerable period of time elapsed between the time when each of their respective trucks had stopped and before the time that this plaintiff's automobile ran into the truck of the defendant Frank G. North, Inc."

"(m) In that each of the defendants jointly and severally failed to keep a proper lookout for approaching automobiles on the highway so as to warn them of the hidden danger immediately in front of them."

The answers of appellants pleaded, first, in effect, a general denial; second, the act of God; and, third, contributory negligence.

At the close of respondent's testimony, the appellants moved for a nonsuit on the grounds that the evidence showed no actionable negligence on their part; that the collision, as a result of which respondent was injured, was unavoidable; that the condition of the weather and of the road over which the parties to the action were traveling was an unprecedented and unusual condition, resulting in making the highways extremely and exceedingly slick to the point where the conditions constituted an act of God; that the respondent, and her agent and chauffeur were, as a matter of law, contributorily negligent, in that the evidence showed that the respondent's automobile could have been stopped after the chauffeur saw the trucks on the highway, but for the ice on the highway, of which icy condition respondent's chauffeur was fully aware, and he should have taken same into consideration and been prepared to stop, having regard for the icy condition of the pavement; that respondent's automobile could have been stopped after her chauffeur saw the trucks parked in the road, without regard to lights and flares, but for the icy condition of the pavement.

In addition to the above grounds, the appellant National Convoy & Trucking Company moved for a nonsuit upon the ground that, even if the evidence showed that this appellant was negligent, one or more independent causes intervened between such negligence and the injury as the proximate, efficient, or real cause of such injury.

We have not set out all the grounds on which the motion for a nonsuit was based, but sufficient for a decision of this case.

The motion was refused, the trial Judge holding that although the road was blocked accidentally or unintentionally, one so blocking the highway must use the care required of a man of ordinary prudence and discretion, to warn oncoming vehicles in the nighttime; and that it was for the jury to say if the appellants, under the circumstances of their trucks having blocked the highway, were negligent in giving warn-

ing to oncoming vehicles of the blocked condition of the highway.

At the conclusion of all of the testimony, appellants moved for a directed verdict upon practically the same grounds as for a nonsuit, and this motion was also refused.

The case was, after the charge of the trial Judge, submitted to the jury, and it found in favor of respondent against both appellants in the full amount demanded in the complaint, $3,000.00, as actual damage.

A motion for a new trial was argued and refused, and the appellants come to this Court upon a total of thirty-five exceptions, several of these having a number of subdivisions. However, counsel for appellants have reduced the issues to seven:

"(1) Was it error to permit certain of plaintiff's witnesses to testify as to whether they could have seen lights if any had been present?

"(2) Was it error not to hold as a matter of law that the collision in question was the result of an act of God, or was an unavoidable accident, and that there was no actionable negligence on the part of this appellant?

"(3) Was it error not to hold as a matter of law that the plaintiff is barred of recovery because of her own contributory negligence and recklessness?

"(4) Was it error for the Court to charge the jury that the burden rested upon the defendants to prove that the act of God relied upon was the sole cause of the collision, and that the defendants were not negligent in connection therewith?

"(5) Was it error for the Court to charge the jury that the burden of proof was upon the defendants to show by the greater weight of the evidence that it was not their negligence or wilfulness which was the proximate cause of the injuries complained of?

"(6) Was it error for the Court to charge, at the request of the plaintiff, section 1628 of the Code, relating to reck-

less operation of a motor vehicle on the highways of the State?

"(7) Was it error for the Court to refuse appellants' motion for a new trial on the ground that the verdict of the jury was contrary to and in direct violation of the charge delivered by the trial judge?"

In passing upon these issues, we will not take them up in order, nor, except where necessary, separately.

There was evidence which, stated as briefly as is needful for an understanding of the issues, tended to prove the following facts:

December 1, 1936, the day on which the collision occurred and respondent received her injuries, was a cold, disagreeable day, and on various sections of the main highway leading from Spartanburg, S. C., to Charlotte, N. C., rain and sleet fell, causing the highways to become quite slick in places. Respondent, whose home was in Spartanburg, S. C., had gone to Charlotte that morning, accompanied by two women guests, and her car was operated by her chauffeur, a man named Ed Smith. Returning, they left Charlotte about 3:30 o'clock in the afternoon, and on account of the condition of the weather and the anticipated condition of the highway, respondent attempted to purchase chains for her automobile but was unable to secure any which would fit the tires. The tires were practically new, the tread thereon being excellent, and they proceeded to drive slowly in the direction of Spartanburg. At a point about three miles beyond Blacksburg, toward Grover, the latter town being located part in North Carolina, and part in South Carolina, as respondent's automobile came around a curve at the crest of a long hill, and when the car was sufficiently around the curve on the crest of the hill for the lights of the car to focus on the highway leading down the hill, respondent's chauffeur observed the trucks of appellants, which had completely blocked the highway, said trucks being about fifty-one feet from the point where he could see them. The chauffeur at the time was operating the car at not more than 20

miles per hour, due to the condition of the highway. He applied his brakes and put the car in reverse gear, but by reason of the ice on the highway and decline the car slid on into the trucks, or that is, into the truck of the appellant, Frank G. North, Inc., which was stalled on the highway, a little to the north of where the truck of appellant National Convoy & Trucking Company was stalled, completely blocking the traffic line of the highway in a southerly direction. In this collision, respondent received her injuries. There is evidence that the lights of one of the trucks were burning, and fuses or flares burning at the location where the trucks were stalled, but that at the crest of the hill and curve in the highway there were no lights or other warning attempted to be given the public using the highway traveling in a southerly direction. The agents of appellants operating the trucks knew, or had every reason to know, that once a car had passed the crest of the hill and started down the decline, traveling towards Spartanburg, it would be impossible to stop such automobile or motor vehicle due to the icy condition of the highway, regardless of the rate of speed at which such automobile may be traveling. The trucks of appellant had entirely blocked the highway for fifteen minutes prior to the automobile of respondent reaching the point of the collision, and as aforesaid, there was evidence that appellants failed to warn travelers approaching from the north by the putting out of lights or flares or the flagging of such traffic at the crest of the hill and the curve of the road, the only place, under the conditions of the road on that day, a warning would be of any avail. Several people had congregated at the place where the trucks were stalled, but none was requested to flag oncoming vehicles from the north.

While it is not so material except for the purpose of showing that the agents and operators of the trucks of appellants were fully aware of the slippery condition of the highway at the point of the collision, we will briefly relate the circumstances under which the road was blocked. As the truck of appellant National Convoy & Trucking Company under-

took to negotiate the hill, traveling in the direction of Charlotte, due to the icy condition of the highway, it stalled and commenced to slide backward down the hill, and it was necessary to jackknife the tractor of the truck in order to avoid sliding down the hill, which entirely blocked the right-hand side of the road traveling in a northerly direction; and there is some testimony that a portion of the tractor extended across the middle of the highway thereby partially blocking travel to the south. The operators of this truck put out a fusee or flare to the rear of the truck and left the scene for help, and there is some testimony that the lights of the truck were left burning. A little later the truck of appellant Frank G. North, Inc., heavily loaded and traveling towards Charlotte, reached the point where the truck of its coappellant was stalled, and attempted to drive around same although it was necessary that the left-hand wheels of the truck leave the pavement in order to get around it; and as this last truck reached a point a little to the north of the truck it was undertaking to pass, · it also stalled and commenced to slide down the hill, and it was necessary for the driver thereof to jackknife the tractor on this truck in order to prevent it from sliding down the hill.

Under the foregoing facts the appellants contend that no liability attaches to them for that (1) there was no actionable negligence shown, (2) the collision was the result of an act of God, and (3) the collision was an unavoidable accident.

One may be negligent by acts of omission as well as of commission, and liability therefor will attach if the act of omission of a duty owed another, under the circumstances, is the direct, proximate and efficient cause of the injury. It is only where the evidence is susceptible of but one reasonable inference that the Court may declare what that inference is and take the case from the consideration of the jury. See *Howell v. A. C. L. R. Co.,* 99 S. C., 417, 83 S. E., 639; *Dutton v. A. C. L. R. Co.,* 104 S. C., 16, 30, 88 S. E., 263. And, as stated in the case of

*Sturdyvin v. Railway Co.,* 98 S. C., 125, 129, 82 S. E., 275, 276: "It is unnecessary to cite authority for the proposition that, on a motion for nonsuit, the testimony and all inferences from it must be taken most strongly against the defendant. It is also well settled that, if there was any testimony tending to prove any one or more of the specifications of negligence, the motion was properly refused."

One of the acts of negligence alleged in the complaint is the failure of the appellants to warn approaching vehicles of the conditions existing, and this necessarily means that the warning should be given at a point where it would be effective. That appellants recognized that they owed a duty to others using the highway cannot be questioned, since they at some time put out flares and left the lights on their trucks. But if appellants owed a duty to others using the highway, and this cannot be disputed, the performance of such duty was not met by merely having lights at the point where the trucks blocked the highway, but it was incumbent ·on the appellants to take such precautions as would reasonably be calculated to prevent injury.

For the moment let us repeat some of the facts. There is a curve in the highway at the crest of a long hill. A short distance to the south of the curve and crest of the hill two trucks are stalled and block the entire road. It is a much-traveled highway. Respondent's chauffeur testified that due to the curve in the road and the hill, the lights of an automobile approaching from the north would not focus on the trucks until the automobile was within a little over fifty feet from the trucks. Once a car passed the crest of the hill and commenced to descend on the south side, it could not be stopped due to the ice on the highway—the slippery condition thereof, which was known or should have been known to appellants. No flagman nor warning of any description was placed at, the crest of the hill to warn approaching cars. That a warning at the crest of the hill would have been effective and prevented the injury is fully demonstrated from other evidence had upon the trial. The danger

of the situation was so self-evident that a jury could have concluded that the omission to warn approaching travelers from the north at a point where the warning would be effective, amounted not only to negligence, but to willfulness. However, the jury in this case have vindicated their intelligence and freedom from passion when they found only inadvertence.

The law imposes no liability for injuries or damages sustained as the result of an act of God. Nor is one liable for damages caused by the act of God, if such act be the direct or proximate cause of the injury. *Correll v. City of Spartanburg,* 169 S. C., 403, 169 S. E., 84, cited by appellants. However, "act of God" is a valid defense only when it is the sole cause of the injury.

In the case of *Moody v. Aiken County,* 124 S. C., 288, 117 S. E., 533, 534, appellant's Exception 5 was as follows: "(5) The presiding Judge erred in charging the jury that in order for an act of God to be a defense in this case, the defendant must show that it was the sole cause of the injury. The error being that if an act of God was a proximate cause of the injury, the defendant would not be liable, even though it was also guilty of negligence which contributed to the injury as a proximate cause thereof, and it was not necessary to show that an act of God was the sole cause of the injury in a case like this." The Court, speaking through Mr. Chief Justice Gary, disposed of this exception in the following terse manner. "It is only necessary to cite the case of *Sloan v. White* [*Engineering Co.*], 105 S. C., 226, 89 S. E., 564, to show that the fifth exception cannot be sustained." In the *Sloan-White case,* the p r e s i d i n g Judge charged the jury where the act of God is relied upon as a defense, the defendant must not only prove, "(1) That an act of God caused the death; but (2) that it was the sole cause, not preventable by the exercise of care on the defendants' part." Such statement of the law was upheld, though by a divided Court.

In the case at bar it certainly became a question of fact for the jury to pass upon, if the icy condition of the highway (the act of God) was the proximate cause of respondent's injury, or if respondent had shown by the preponderance of the evidence that the act of omission on the part of appellants in failing to warn her of the blocked condition of the highway in time to prevent the injury, combining and concurring with the act of God, was the proximate cause of the injuries suffered by respondent. Leaving out the question of contributory negligence on the part of a plaintiff, when a defendant pleads the act of God, he must prove that the act of God is the sole proximate cause of the injury, and to do so, such defendant must of necessity prove that he is without negligence which contributed as a proximate cause. In other words, this defense creates a separate issue in which the rule is different, in that a defendant has to prove himself without negligence in order to show that the act of God is the sole proximate cause. On the whole case, however, a plaintiff must prove by the preponderance or greater weight of the evidence that a defendant is negligent in one of the particulars complained of before he can recover.

As stated in the brief of respondent, a case very much in point is that of *Pender v. National Convoy & Trucking Company et al.,* a North Carolina case, reported in 206 N. C., 266, 173 S. E., 336, the syllabus of the case being as follows: "Where truck and trailer turning on road near curve where view was obstructed became stuck, blocking entire highway, driver had duty of warning approaching vehicles of danger, and hence owner of truck was liable for collision proximately caused by failure to give warning."

Among the specifications of negligence contained in the complaint was subsection (b) of paragraph 9, reading as follows: "(b) Defendants wilfully, recklessly, and negligently, without due care for the safety of others using said road blocked the same without giving warning by flagman or other danger signals, to drivers of vehicles coming down

a steep grade and around a curve above the point so blocked by defendants  *  *  *."

In referring to the above specifications, Mr. Justice Connor, in writing the opinion of the Court, had this to say: "Conceding that there was no evidence at the trial of this action, tending to show negligence on the part of the defendants as specified in sections (a) and (c) of paragraph 9 of the complaint, we are of the opinion that there was evidence tending to show negligence as specified in section (b) of said paragraph. For this reason, there was no error in the refusal by the trial Court of defendants' motion for judgment as of nonsuit, at the close of all the evidence. The defendant Floyd S. Williams, after he found himself unable to move the truck and the trailer, because the wheels of the truck had stuck in the soft ground off the pavement, owed the duty to plaintiff and others approaching the obstruction in the highway, on automobiles or trucks, to exercise reasonable care to warn them of their peril. A failure to perform this duty was negligence. There was evidence tending to show that such negligence was the proximate cause of the collision, resulting in injury to the plaintiff."

We do not see the necessity of entering upon a discussion of the exceptions relating to contributory negligence. The record fails to disclose such, if any, evidence of negligence on the part of respondent as would warrant the trial Judge in granting a nonsuit or directing a verdict.

The exceptions to the charge of the trial Judge, relative to the "act of God", are highly hypercritical, and without entering upon an extended discussion thereof, are overruled.

As to Exception 28, issue No. 6 charging Section 1628 of the Code was pertinent to specifications of negligence alleged in the complaint, but granting that appellants were not negligent in blocking the highway, and keeping same blocked, if appellants failed to give a warning of the blocked highway at such a point as would be reason-

ably expected to be effective, appellants would be liable for the injuries sustained by the respondent.

The charge of the trial Judge must be considered as a whole, and when this is done, we find no reversible error.

There is no definite and fixed rule governing the admissibility of testimony, but it would appear that there is no merit in Exceptions 1 and 2, issue 1. It was admissible as negative testimony to be weighed by the jury.

Under the facts of this case and the specification of negligence in not warning approaching vehicles from the north of the blocked highway, National Convoy & Trucking Company, although its truck did not block the south lane of traffic, occupies no different position from that of its coappellant.

Under the evidence in this case, it cannot be said that the verdict of the jury was contrary to and in violation of certain portions of the Judge's charge. Respondent had not encountered such a condition in the highway until reaching the point on the highway where the collision occurred; and the evidence showed that an automobile moving at any speed, when once it reached the decline of this hill on the south side, could not be stopped.

We have considered all exceptions, and they are overruled. And the judgment of the Circuit Court is affirmed.

Mr. Chief Justice Stabler and Messrs. Justices Bonham and Fishburne concur.

Mr. Justice Carter did not participate on account of illness.