## 19006

EDWARD'S OF BYRNES DOWNS, Appellant, v. CHARLESTON SHEET METAL COMPANY, Inc., Respondent

(172 S. E. (2d) 120)

*Edward D. Buckley, Esq., of Bailey & Buckley,* of Charleston, *for Appellant,*

*Robert A. Patterson, Esq.,* of Barnwell, *Whaley, Stevenson & Patterson,* of Charleston, *for Respondent,*

January 28, 1970.

LEWIS, Justice.

The issues in this appeal concern the *tort* liability of defendant, a subcontractor, to plaintiff, a third party, for damages allegedly caused by defendant's failure to timely complete its contract with the general contractor. The lower court held that defendant had violated no duty owed to plaintiff and granted a nonsuit at the close of plaintiff's case. This appeal is from the order of nonsuit.

Plaintiff is a corporation and operates a retail variety and dry goods store in the St. Andrews Shopping Center in Charleston, South Carolina, in a building which it leases. As a result of plaintiff's need for a larger building, the owner contracted with Ruscon Construction Company in the Summer of 1964 to build the needed space by extending the existing structure to the rear to include an additional area of 70' x 160'. Plaintiff was to continue operating its store while the addition was being constructed.

The plans called for the rear wall of the existing store building to be one wall of the addition. The floor in the addition was to be concrete and level with the floor of the existing building. The basic roof structure was of concrete slab with several openings left for the installation of vents. In order to make the roof waterproof, it was required that the concrete be covered first with brown paper, followed by one inch of insulation, then black felt, and finally tar and gravel on top of that. In addition, it was necessary that ventilators and other coverings over the vents be installed in order to complete the job of making the roof watertight.

The basic roof structure was constructed by the contractor and a contract awarded to defendant for the labor and material for its completion, which included the installation of the covering over the concrete slabs and the placing of the ventilators and other coverings over the vents. When the defendant began work on the roof, the walls and concrete floor had been constructed, in addition to the completion of the basic roof structure.

There was testimony that Ruscon, the general contractor, set up a schedule with the subcontractors as to dates for the completion of the various steps in the construction. This gave to the subcontractors an anticipated date for the performance of their contracts so that they could schedule their workmen and delivery of material to conform. The several steps in the construction were coordinated, that is, the various phases were completed upon the assumption that the subcontractors would move in and promptly complete their respective contracts. It is inferable that the concrete floor in the addition was completed upon the assumption that the roofing would be installed promptly by defendant in accordance with the contract schedule. Without the roof, water would be trapped on the floor of the addition when it rained; and, since the floor in the existing building and the addition were on the same level, the water so trapped would likely run into plaintiff's store building.

The general contractor completed the basic roof structure by the first week in September 1964 and notified defendant that it was ready for the roof to be installed. Defendant promptly began work on the installation of the roof, which could have been completed in one week. However, due to the fact that defendant did not have on hand the required installation material, the roof was not completed until after October 1, 1964. After defendant began work on the roof, it was left unfinished for a period of approximately three (3) weeks and in such condition that water would drain through the vents in the roof to the floor beneath when it rained. Weather

conditions were good until October 1st when a severe thunderstorm occurred, resulting in water pouring through the roof onto the floor and under the rear door of plaintiff's store where its stockroom was located. The thunderstorm was not unusual for the time of year. The water damaged a considerable quantity of plaintiff's merchandise and this action was instituted against defendant to recover the resulting loss.

Plaintiff's cause of action was based upon the alleged negligence of defendant in failing to timely complete the installation of the roof and in failing in the meantime to take proper precautions to cover the openings or vents in the roof, when defendant knew, or in the exercise of due care should have known, that when it rained, as experience showed it was most likely to do in the area at that time of the year, water would pour through the roof onto the floor below and thence run into the existing building where plaintiff was continuing to conduct its business.

The trial judge granted defendants motion for a nonsuit at the conclusion of plaintiff's testimony mainly upon the ground that, if defendant was liable at all, it would be in contract to Ruscon, the general contractor, for nonperformance but was not liable to plaintiff in *tort,* since no breach of duty distinct from breach of contract was shown. The evidence was construed as showing, at the most, nonaction on the part of defendant and not misfeasance or improper action in the performance of the contractual obligation. Liability of defendant in *tort* to a third party was recognized for misfeasance in the performance of the contract but not for failure to perform at all.

The question for determination is whether there was any evidence from which a reasonable inference could be drawn that defendant failed to exercise due care in the performance of any duty owed to plaintiff.

In performing its contract for the installation of the roof, defendant owed a duty to exercise due care not to injure or damage persons lawfully upon the premises and such duty extended to plaintiff an occupant of the adjacent building to which the addition was being made. 13 Am. Jur. (2d), Building, etc. Contracts, Section 132; 38 Am. Jur., Negligence, Section 20.

The fact that plaintiff was not a party to the contract under which defendant was acting is not determinative of plaintiff's right to sue. The liabilty of defendant to plaintiff exists independently of contract and rests upon the common law duty to exercise due care to avoid injury or damage to others.

We need not now determine whether defendant would be liable to a third party for nonfeasance, that is, for failure to perform the contract at all; for, under our view of the evidence, it was inferable that the conduct of defendant amounted to misfeasance or an improper performance of the contract.

We have held that "one may be negligent by acts of omission as well as of commission, and liability therefor will attach if the act of omission of a duty owed another, under the circumstances, is the direct, proximate and efficient cause of the injury." *Montgomery v. National Convoy & Trucking Co.,* 186 S. C. 167, 195 S. E. 247.

If one has entered into the performance of a contract and omits to do some act which it is his duty to do, such may constitute an act of misfeasance or improper performance. As stated in *Williams v. Wise,* 255 Ala. 322, 51 So. (2d) 1, "if he does enter upon the service, negligent performance may result from omitting to do what ought to be done as well as performing his duties in an improper manner."

A reasonable inference arises from the testimony in this case that plaintiff's damages proximately resulted from the negligent failure of defendant to

properly perform its contract for the installation of the roof.

Here defendant entered into a contract to place the roof on an addition to the building in which it knew plaintiff was continuing to operate its business. It is conceded in defendant's brief that "under defendant's contract it was required to move forward and prosecute the work when called upon to do so and to work with reasonable dispatch." Defendant entered into the performance of its contract, when notified, but failed to prosecute the work with reasonable dispatch or to take reasonable precautions in the meantime to prevent water from pouring through the vents in the roof in the event of rain.

It was obvious that, if water was permitted to go through the roof, it would be trapped on the floor beneath and would most likely run into the rear door of the adjacent building occupied by plaintiff. It was foreseeable that damage would likely result to plaintiff if defendant did not promptly complete the installation of the roof or take reasonable precautions to guard against the obvious danger of water collecting on the floor beneath. The failure to do so constituted neglect in the actual manner of performance of the contract.

The fact that the general contractor had completed the floor and the walls, which made it possible for water to collect if permitted to come through the roof, affords no relief to defendant, as a matter of law. It is inferable that the contract of defendant contemplated the completion of the floor and the walls at the time of the installation of the roof and that it agreed to install the roof expeditiously in the light of the hazards which that status of the construction brought about.

The evidence reasonably tended to establish the material elements of plaintiff's cause of action and the lower court was in error in granting the nonsuit.

Reversed and remanded for a new trial.

Moss, C. J., Bussey, J., and Louis Rosen, Acting Associate Justice, concur.

Littlejohn, J., dissents.

Littlejohn, Justice (dissenting).

I respectfully dissent and would affirm the directive of the trial judge granting a nonsuit. The alleged failure to move forward expeditiously was at most a breach of defendant's contract with Ruscon. If one contracts to repair a leaky roof and fails to perform before it rains, the remedy might be in contracts for special damages but not in *torts,* even though furnishings in the house be damaged.