19031

Lucy B. SHEPPARD, g. a. l. for Shannon Sheppard, Respondent, v. Art. NIENOW and Nienow Plaza, Inc., Appellants.

(173 S. E. (2d) 343)

*Messrs. Nash & Chappell and Weinberg & Weinberg,* of Sumter, *for Appellants,*

*Messrs. Bryan, Bahnmuller & King,* of Sumter, *for Respondent,*

March 26, 1970.

Moss, Chief Justice.

Shannon Sheppard, an infant three years of age, by her mother Lucy B. Sheppard, as *guardian ad litem,* the respondent herein, instituted this action against Art Nienow and Nienow Plaza, Inc., the appellants herein, to recover damages for personal injury sustained on or about June 15, 1967, by reason of the alleged negligence and willfulness of the appellants. The injury was sustained on premises in the exclusive possesion and control of Lucy B. Sheppard who was a tenant and had rented a trailer belonging to Art Nienow and a trailer lot owned by Nienow Plaza, Inc., such trailer being located on said lot. The mother was returning to her trailer in the nighttime carrying her child, Shannon Sheppard, in her arms and while approaching the said trailer in which she lived, tripped over a metal stake causing her to fall and resulting in injury to her child. The said Lucy B. Sheppard had been living in the trailer since May 10, 1967.

It is alleged in the complaint that there were light posts located at the entrance to the trailer park and such were at or near the trailer of Lucy B. Sheppard, and she agreed to pay for the electricity to be used for the lights located on

said posts in exchange for gas to be used by her in the trailer and such gas was to be furnished and paid for by Nienow Plaza, Inc. She also alleged that the lights at the entrance to the trailer park were burned out and such were not replaced even though she had requested same and the appellants had agreed thereto. She further asserts that there were metal stakes in the yard of the trailer and the appellants failed to remove same after agreeing to her request for the removal of same.

It is then alleged that the injury to her child was caused and occasioned by the negligence and willfulness of the appellants in failing to keep the area properly lighted, failing to replace the burned out lights at the entrance to the trailer park, and failing to remove the metal stakes in the trailer yard even though the appellants had agreed so to do by reason of her request.

The appellants, by answers, set up several defenses and, by such, denied any liability to the respondent.

This case came on for trial at the 1969 April Term of the Court of Common Pleas for Sumter County, before The Honorable E. Harry Agnew, Presiding Judge, and a jury, and resulted in a verdict in favor of the respondent for actual and punitive damages.

At appropriate stages of the trial, the appellants made motions for a nonsuit and directed verdict in their favor and after verdict for judgment *non obstante veredicto* upon the ground, *inter alia,* that the relationship of landlord and tenant imposed no legal duty on the landlord to keep the leased premises in repair, and even where there was a valid contract to repair, failure to comply therewith gives rise to a cause of action for breach of contract, under which damages are not recoverable for personal injury sustained by reason of the defective condition of the rented premises and the failure of the landlord to keep the premises in repair These motions were refused and this appeal followed.

Lucy B. Sheppard, along with her two children, had lived in and occupied a trailer owned by Art Nienow and located in Nienow Plaza from May 10, 1967, to June 15, 1967, the day of the injury to her child.

The lights at the entrance to the trailer park were not burning at the time she moved to such park nor did they burn during her tenancy there, and, of course, this was known to her. She also knew that there were two metal stakes located in her yard about five inches from the side of her trailer. She testified that the management had been requested to repair the burned out lights and to remove the metal stakes from her yard and, even though she received a promise that the lights would be repaired and the stakes removed, such was never done. It was while Lucy B. Sheppard, with full knowledge of the condition of the premises, was walking towards the door of her trailer using the yard rather than the cement walk provided for her, that she tripped over a metal stake, causing her to fall and resulting in injury to her child.

The general rule has been adopted in this State that the relationship of landlord and tenant imposes no legal duty on the part of the former to keep the leased premises in repair, in the absence of a valid contract on the part of the lessor to do so. The parties, however, may vary the legal obligations imposed by law from the relationship of landlord and tenant and agree that the landlord shall make necessary repairs, but an agreement to repair as a part of the letting is an agreement to make repairs on notice, and failure to comply will, as a general rule, give rise merely to a right of action for breach of contract, under which damages are not recoverable for personal injuries sustained by reason of the defective condition of the premises. *Timmons v. Williams Wood Products Corp.,* 164 S. C. 361, 162 S. E. 329; *Pendarvis v. Wannamaker,* 173 S. C. 299, 175 S. E. 531; *Conner v. Farmers and Merchants Bank,* 243 S. C. 132, 132 S. E. (2d) 385.

The basis upon which the respondent brought this action was the failure of the appellants to perform their agreement to replace the burned out lights and to remove the metal stakes from the yard of the trailer occupied by Lucy B. Sheppard. An action *ex delicto* will not lie for the breach of a mere contractual duty to repair because a *tort* is a civil wrong other than a breach of contract; that actionable negligence is the neglect to perform a legal duty, as distinguished from the failure to perform a mere contractual duty; and that, so far as members of the tenant's family are concerned, their rights are necessarily measured by those of the tenant. In the *Timmons* case, above-cited, we said that the refusal to permit recovery for personal injury, under such circumstances, is fortified by reason of the fact that, if the premises become dangerous to life or limb, the tenant, rather than exposing himself and the members of his household to such dangers, may, upon the failure of the lessor to perform his engagement to repair (1) rescind the contract and abandon the premises; (2) make the repairs himself and deduct the expense thereof from the rent or recover the same upon a counterclaim in an action for rent; (3) occupy without repair, and recoup such damages as are ordinarily incident to a breach of contract by a counterclaim in the landlord's action for rent; or (4) sue for damages for breach of contract.

We recognize and are fully aware that there are exceptions to the general rule above stated. However, this action is not governed by any of such exceptions.

Since the injury to the respondent was incurred on premises in the exclusive possession and control of the tenant, the landlord was not liable in *tort* under the law applicable to this relationship. It is our conclusion, therefore, that, for the breach of the landlord's covenant to repair, under the facts of the case, the remedy was by an action on the contract under which damages for personal injury may not be recovered. The motion of the appellants

for a directed verdict in their favor, upon the ground hereinabove stated, should have been granted and it was error for the trial judge to refuse such motion.

The judgment of the lower court is reversed and this case is remanded thereto for entry of judgment in favor of the appellants.

Reversed and remanded.

LEWIS, BUSSEY, BRAILSFORD, and LITTLEJOHN, JJ., concur.