**Bennie H. DuBOIS, Plaintiff,**

v.

**Mary B. STOKES, Allen H. Stokes, Citizens Trust Company, a corporation, Citizens Trust Company, a corporation, as agent, Robert Allen, Thomas R. Stokes, Thomas H. Stokes, G. Heath Stokes, and David H. Stokes, Defendants.**

Civ. A. No. 69–473.

United States District Court,
D. South Carolina,
Greenwood Division.

Feb. 17, 1971.

John Minor and J. Daniel Falligant, of Adams, Adams, Brennan & Gardner, Savannah, Ga., and Luke N. Brown, Jr., of Brown & Brown, Ridgeland, S. C., for plaintiff.

W. H. Nicholson, Jr., of Nicholson & Nicholson, Greenwood, S. C., for defendants Mary B. Stokes, Allen H. Stokes, Thomas R. Stokes, Thomas H. Stokes, G. Heath Stokes and David H. Stokes.

William B. Patrick, Jr., of Burns, McDonald, Bradford, Erwin & Few, Greenwood, S. C., for defendant Citizens Trust Co.

### ORDER

HEMPHILL, District Judge.

Both the individual defendants (hereinafter Stokes) and Citizens Trust Company have moved for summary judgment in this matter. For purposes of this consideration, the facts may be summarized as follows. Stokes was and had been owner of a two-story building in Greenwood, South Carolina. Since 1940 Citizens Trust as agent for Stokes had been in complete charge of the property. In 1964 Stokes as a result of the efforts of Citizens Trust, entered a two-year lease with one Allen, now bankrupt. In 1966 the lease was renewed for a term of 3 years by Citizens Trust acting for Stokes. The lease provided that outside repairs be made by Stokes and in-

side repairs by Allen and gave Stokes the right to inspect the premises. On April 18, 1968, plaintiff was in the employ of Appliance Buyers Credit Corporation. In that capacity he went to Allen's Furniture Company, the leased premises, in order to discuss with Mr. Allen the possibility of repossessing certain electrical appliances which plaintiff's employer, Appliance Buyers Credit Corporation, had "floor planned" to Allen's Furniture Company. With the permission of Allen's Furniture Company, plaintiff, accompanied by Ben Ross, a representative of Whirlpool Corporation, went to the second floor to inventory merchandise to be repossessed. On return to the first floor, the elevator cable broke and the elevator cage fell to the basement, causing plaintiff's injuries. As an employee of Appliance Buyers Credit Corporation, plaintiff was covered by Workmen's Compensation and recovered benefits under the North Carolina Workmen's Compensation Act.

The motions considered present three questions for determination. The first question is whether in view of North Carolina Code Section 97–10.2 [1] an action may be maintained in the District Court for South Carolina in the name of an injured employee, covered by Workmen's Compensation, for injuries received in the course of employment, but caused by the negligence of third persons where that action is brought more than twelve (12) months after the cause of action arose, and more than sixty days before the applicable Statute of Limitations runs? The court is of the opinion that the action may be maintained in its present posture. The purpose of the section relied upon by the defendants appears to have been to provide protection to the employer or his carrier. The North Carolina statute provides that the suit must be brought in the name of the employee. The employer's carrier is cognizant of and participating in the suit to the extent of his interest therein. Therefore, there can be no prejudice to the defendants and no irregularity of which they can complain.

The second question is whether there can be liability of the landlord upon the facts presented. In relation to this question, additional facts which might be supported by the record are listed.

1. That the premises in question were leased to Allen's Furniture Company by defendants Stokes and Citizens Trust Company for use as a store or warehouse whereby defendants knew, or might have known that numbers of the public at large would be invited to inspect and buy merchandise.

2. That the elevator cable was in a dangerous and defective condition both at the time the building was leased to defendant, Allen's Furniture Company, and at the time this lease was renewed by defendants Stokes and Citizens Trust Company.

3. That no action by defendants' tenants, while in possession, increased the strain on the cable, or rendered the elevator more dangerous.

4. That from the physical layout of the premises, including the fact that the only stairway to the second floor is out-

---

[1]. North Carolina Code § 97–10.2(c) provides:

If settlement is not made and summons is not issued within said twelve-month period, and if the employer shall have filed with the Industrial Commission a written admission of liability for the benefits provided by this chapter, then all rights of the employee, or his personal representative if he be dead, against the third party shall pass by operation of law to the employer upon the expiration of said twelve-month period. All such rights shall then remain in the employer until sixty (60) days before the expiration of the period fixed by the statute of limitations applicable to such rights and if the employer shall not have settled with or instituted proceedings against the third party within such time, then all such rights shall revert to the employee or his personal representative sixty (60) days before the expiration of the applicable statute of limitations.

**476**

side the building, it can be concluded that the elevator was the most practical and, thus, customary means for the defendants' tenant's invitees to reach the second floor of the premises.

5. That plaintiff entered the premises pursuant to an invitation extended by tenant in the "floor plan" agreement, giving plaintiff the right to enter to repossess merchandise in the event of default, and that plaintiff entered for the purpose of discussing with tenant a subject of mutual interest.

6. That defendants Stokes and Citizens Trust Company retained the right to enter the building to make inspections, and that said defendants did from time to time undertake certain repairs on the premises.

■■ As this is a diversity action, the law of South Carolina is controlling with respect to the liability of the landlord for injury resulting from the dangerous condition of leased premises. The South Carolina court has held fast to the common law rule that the landlord is not liable for injury caused by the dangerous condition of the premises, even where the landlord has a duty to repair. That rule was unequivocally stated in Timmons v. Williams Wood Products Corp., 164 S.C. 361, 162 S.E. 329 (1932) and recently reaffirmed by the South Carolina court in Sheppard v. Nienow, S.C., 173 S.E.2d 343 (1970). However, in discussing the rule of nonliability of the landlord in the *Timmons* case the South Carolina court stated:

> [A]ll of the cases which permit recovery for personal injuries to the tenant, or to a member of his family, are bottomed (1) upon breach of a statutory duty; (2) where injury results from a defective condition known to the landlord and concealed by him from the tenant; (3) where injury is occasioned by a defect in a portion of the premises reserved by the landlord

for the common use of all his tenants; (4) where injury occurs from the defective condition of premises furnished by the landlord for use of the public generally, as theaters, docks, etc.; (5) when the covenant is to keep the premises safe during the term; or (6) where the lessor actually undertakes to make the needed repairs and negligently does so—where there is misfeasance as distinguished from nonfeasance. 162 S.E. 333–334.

The plaintiff herein urges that this case comes within the fourth exception noted by the court in *Timmons*, that of the premises furnished for public use. The South Carolina court has not had occasion to consider the public use exception further. The language in the *Timmons* case does indicate, however, that it would recognize the exception to the rule of non liability.

The Stokes and Citizens Trust present several arguments that this case does not come within the exception even if it be recognized by South Carolina. The questions raised by these arguments present difficult legal issues. A review of the cases discussing, defining, and limiting the public use exception to the rule of nonliability of landlords convinces this court that there is a great divergence of opinion among the jurisdictions which recognize the exception.[2] Each of the factors which the defendants claim make the exception inapplicable to them have been considered and notably inconsistent conclusions reached. In the absence of direction from the South Carolina court, the formulation of the law on the subject will be at best somewhat speculative. The court does not at this point attempt to formulate the applicable rules of law which must determine whether the defendants are free from liability. It simply notes that, under the law of some jurisdictions, there are questions of fact which may be determinative. Among

---

2. See Annotation 17 A.L.R.3d 422 (1968); Annotation 17 A.L.R.3d 873 (1968); 49 Am.Jur.2d, Landlord & Tenant, §§ 782–786 (1970).

these issues are the knowledge of the defendants of the use to be made of the building, the numbers of persons who entered the building, the character of the use of the elevator, and the defendants' knowledge of that use. The court is of the opinion that these factors will materially influence the outcome under the rule eventually formulated. It, therefore, concludes that the motion of the defendant Stokes must be denied.

Citizens Trust joins the Stokes defendant in their arguments as to the lack of liability of the landlord. In addition it urges that even if the landlord is liable to the plaintiff, Citizens Trust cannot be as its only duty with respect to the property was to the landlord and that was a contractual duty. It is urged that, apart from its duties as agent, Citizens Trust owed no greater duty to the plaintiff than did any other member of the general public.

Like any other employee, the liability of the agent is based on the duty which he himself owes to the third person, and in most jurisdictions now, this duty is recognized as the test of liability, rather than any distinction based upon whether the act is a misfeasance, malfeasance, or nonfeasance. Pursuant to this test of liability, an employee is liable to a third person for injuries resulting from the breach of any duty which the employee owes directly to such third person, and is not liable to a third person for injuries resulting from a breach of duty which the agent owes only or solely to his employer. Jacks v. Torrington Company, 256 F.Supp. 282, 286 (D.S. C.1966), quoted with approval from 3 Am.Jur.2d, Agency, Sec. 300.

The discussion of the distinction between a legal duty and a contractual one in Timmons v. Williams Wood Products Corp., 164 S.C. 361, 162 S.E. 329 (1932) and Sheppard v. Nienow, S.C., 173 S.E. 2d 343 (1970) give strong support to Citizens Trust's position. However, another very recent opinion by the South Carolina court, Edwards of Byrnes Downs v. Charleston Sheet Metal Co., 253 S.C. 537, 172 S.E.2d 120 (1970), would lead to an opposite conclusion. In that case the tenant sued a contractor engaged by the landlord for damages resulting from the contractor's failure to proceed with reasonable dispatch to build a roof. In reversing the grant of a nonsuit the court stated:

> A reasonable inference arises from the testimony in this case that the plaintiff's damages proximately resulted from the negligent failure of the defendant to properly perform its contract for the installation of the roof. 172 S.E.2d at 122.

The same might be said of this case. From the affidavit of Mr. Stokes it could be inferred that under the arrangement between Stokes and Citizens Trust, the latter undertook all duties necessary in the management of the property.

Although the court is dubious of Citizens Trust's liability, it is of the opinion that the matter should proceed against all defendants in order to prevent fragmentary trial and appeal. The motion of Citizens Trust Company will also be denied.

And it is so ordered.