GARY LEE WILLIAMS v. JAMES L. RILEY, SR., AND WIFE, ETHA ELLEN
RILEY

No. 8120SC634

(Filed 16 March 1982)

1. **Courts § 21.5— accident in South Carolina—negligence—breach of implied warranty—which law applies**

   Plaintiff's action to recover damages for injuries sustained when he fell through the railing of the second floor deck of a beach cottage rented from defendants in South Carolina on the basis of alleged negligence by defendants in failing to inspect, repair and maintain the premises in a reasonably safe condition and on the basis of breach of implied warranty was governed by the law of South Carolina.

2. **Landlord and Tenant § 8.1— creation of landlord-tenant relationship—no duty of landlord to repair**

   Under the law of South Carolina, a landlord-tenant relationship rather than an innkeeper-guest relationship was created when plaintiff and four of his friends leased the second floor portion of defendants' beach cottage, and the landlord had no duty to the tenants to keep the premises in repair in the absence of an express warranty.

APPEAL by plaintiff from *DeRamus, Judge.* Order entered 31 March 1981 in Superior Court, MOORE County. Heard in the Court of Appeals 11 February 1982.

Plaintiff brought this personal injury action against defendant, the owner and lessor of a beach cottage in Cherry Grove, South Carolina, where plaintiff and his friends were vacationing, and where plaintiff's injury occurred. After reviewing the pleadings, depositions and testimony, Judge DeRamus granted defendants' motion for summary judgment. Plaintiff appeals.

The facts of this case are largely undisputed. All the parties are North Carolina citizens. Plaintiff's evidence tends to show the following. Plaintiff's friend, Mark Turner, contracted with defendants' South Carolina rental agent, Hank Thomas, to rent defendants' oceanfront duplex in Cherry Grove, South Carolina. Turner

and four other young men paid $125.00 to rent the second-floor duplex for one week. Plaintiff arrived at the duplex in the early morning hours of 11 June 1977. On the afternoon of 11 June, plaintiff and two sizable male friends were leaning against the wooden railing which surrounded the outside, second floor deck. The total weight of the three men was about 540 pounds. Plaintiff testified that there were chairs on the deck, and that "[y]ou could tell from the construction of the railing that they (sic) were not seats." Plaintiff heard a cracking noise, the railing gave way, and he fell, injuring himself.

Defendants' evidence tends to show that the cottage is fairly old but has been well maintained. The deck railing was last replaced in 1975. Defendant testified that the only purpose of the railing was to prevent people from walking off the deck; deck chairs were provided for seating. Without objection by plaintiff, defendant testified that Mark Turner said he saw plaintiff and his friends engaged in horseplay on the deck and when one man moved to push another off, the railing pulled off, and they fell. Hank Thomas, who arrived at the scene of the accident immediately after it occurred, observed that the railing was neither rotten nor broken; instead, its nails had simply pulled away from its supporting posts.

*Pollock, Fullenwider, Cunningham & Patterson, P.A., by Bruce T. Cunningham, Jr., for plaintiff-appellant.*

*Johnson, Patterson, Dilthey & Clay, by Ronald C. Dilthey, for defendant-appellees.*

WELLS, Judge.

The ultimate question on this appeal is whether summary judgment for defendant was properly granted.

[1]  In his verified complaint, plaintiff first alleged that defendants were negligent in failing to inspect, repair and maintain the premises in a reasonably safe condition; that defendants knew or should have known of the dangerous railing, and that defendants should have warned plaintiff of it. This aspect of plaintiff's cause of action is clearly founded in tort. Both North Carolina and South Carolina follow the traditional rule of *lex loci delicti*, "[t]he law of the state in which the tort occurs governs the case." *Mat-*

*thews, Cremins, McLean, Inc. v. Nichter,* 42 N.C. App. 184, 256 S.E. 2d 261 (1979), *disc. rev. denied,* 298 N.C. 569, 261 S.E. 2d 123 (1979); *Oshiek v. Oshiek,* 244 S.C. 249, 136 S.E. 2d 303 (1964); *see* Annot., 29 A.L.R. 3d 603; Annot., 77 A.L.R. 2d 1266. The place of the tort is in the state where the last event invoking tort liability occurred. Restatement 2d, Conflict of Laws, § 377. Since plaintiff's injury occurred in South Carolina, the law of that state controls the substantive legal aspects of this case. North Carolina being the forum state, North Carolina law controls the procedural aspects of the case, and is dispositive on whether an issue is substantive or procedural. Annot., 29 A.L.R. 3d 603, § 1(a), n.1.

Plaintiff's complaint also alleges, in the alternative, that "[d]efendants breached an implied warranty of fitness by providing to the plaintiff use of a cottage unfit for its normal intended use." Again, South Carolina law controls, as the lease was entered into and performed in that state. *See* 16 Am. Jur. 2d, Conflict of Laws, § 80.

[2] The next issue to be addressed concerns the relationship between the parties. Plaintiff argues that this was not a landlord-tenant relationship, but one of an innkeeper-guest. Plaintiff bases his argument on rental agent Thomas' admission that he had access to the cottage at all times, although when occupants were there, Thomas apparently only entered to make a repair at a renter's request, to deliver a message, or to investigate complaints. Thomas never entered the cottage during plaintiff's stay there. The written rental agreement, if any, negotiated by Thomas and Turner is not part of the record.

Under South Carolina's statutory definitions of "hotel" and "innkeeper," however, plaintiff's argument must fail. The following pertinent sections of S.C. Code, Title 45: Hotels, Motels, Restaurants and Boardinghouses, provides:

§ 45-1-40. Innkeeper's liability for loss of baggage, money, jewels, and other personal property. "Innkeeper" as used in this section shall mean the proprietor of any hotel, inn, boardinghouse, motor court, or motel where beds or lodging are for hire.

§ 45-5-10. Definitions.
A "hotel" as used in this chapter [Safety Regulations] is an inn or public lodginghouse of more than ten bedrooms

where transient guests are fed or lodged for pay in this state.

§ 45-5-20. Applicability to private residences. Nothing in this chapter shall apply to private residences at which lodgers are not received for hire.

Defendant's upstairs duplex has three bedrooms, and thus does not qualify as a hotel. Neither is it an "inn," since the entire duplex was rented out, rather than bedspace or rooms. We find that plaintiff and his friends leased defendants' cottage, establishing a landlord-tenant relationship between himself and the Rileys.

In South Carolina, absent express warranty, a landlord owes no duty of care to a tenant to keep the premises in repair. *Sheppard v. Nienow*, 254 S.C. 44, 173 S.E. 2d 343 (1970); *Conner v. Farmers and Merchants Bank*, 243 S.C. 132, 132 S.E. 2d 385 (1963); *Pendarvis v. Wannamaker*, 173 S.C. 299, 175 S.E. 531 (1934); *Timmons v. Williams Wood Products Corp.*, 164 S.C. 361, 162 S.E. 329 (1931); *see also Hatfield v. Palles*, 537 F. 2d 1245 (1976) (applying S.C. law). Even where a breach of an express agreement to repair is shown, such a breach will not support the recovery of damages for personal injury sustained by reason of the defective condition of the premises. *Sheppard v. Nienow*, supra.

Although we have frequently iterated the rule that summary judgment is rarely appropriate in negligence cases, *Vassey v. Burch*, 301 N.C. 68, 269 S.E. 2d 137 (1980), where the forecast of evidence discloses a fatal weakness in plaintiff's claim that would bar his right of action under any circumstances, summary judgment is appropriate. *Vassey*, supra, *Caldwell v. Deese*, 288 N.C. 375, 218 S.E. 2d 379 (1975). Since this case raised only issues of law which supported an entry of summary judgment for defendant, this case must be and is

Affirmed.

Judges MARTIN (Robert M.) and WEBB concur.