An appropriate order to that effect is attached.

### ORDER

For the reasons set forth in the attached Memorandum, it is hereby

**ORDERED** that the defendant's motion for costs and attorneys fees is **DENIED.**

Jeannette P. JOHNSON, Administratrix
of the Estate of Karl L. Clark,
Plaintiff,

v.

HOLIDAY INN OF AMERICA, INC.
a/k/a Holiday Inn Worldwide,
Defendant.

No. 1:94CV00188.

United States District Court,
M.D. North Carolina,
Durham Division.

May 31, 1995.

---

4. *See, e.g., Baptiste v. Government of the Virgin Islands,* 12 V.I. 607, 529 F.2d 100 (3d Cir.1976).

**98**

Larry Rolando Linney, Asheville, NC, for plaintiff.

Guy W. Crabtree, Daniel Snipes Johnson, King, Walker, Lambe & Crabtree, Durham, NC, for defendant.

## MEMORANDUM OPINION

TILLEY, District Judge.

This case comes before the Court on Defendant's motion for judgment on the pleadings. The facts, as stated in Plaintiff's complaint, are as follows: on April 14, 1991, Karl Clark, a resident of North Carolina, drowned in a swimming pool at a hotel in Spartanburg, South Carolina. The hotel is operated by Defendant Holiday Inn of America ("Holiday Inn"). Plaintiff is the decedent's mother and the administratrix of his estate.

Plaintiff filed this action on April 14, 1994 in this Court seeking recovery under South Carolina's wrongful death statute for Defendant's alleged negligence. Defendant in its answer asserted that the statute of limitations barred any recovery and subsequently moved for judgment on the pleadings.

Plaintiff is a North Carolina resident, and Defendant is a Georgia corporation. The amount in controversy exceeds fifty thousand dollars. Under 28 U.S.C. § 1332, this Court properly has diversity jurisdiction over this case.

■ A district court sitting in a diversity action must apply the law of the forum state including its choice of law rules. *Klaxon Co. v. Stentor Elec. Mfg.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Fortress Re, Inc. v. Central Nat'l Ins. Co.*, 766 F.2d 163 (4th Cir.1985). In tort actions, North Carolina courts adhere to the rule of lex loci and apply the substantive laws of the state in which the injuries were sustained. *Charnock v. Taylor*, 223 N.C. 360, 361, 26 S.E.2d 911, 913 (1943); *see also United Virginia Bank v. Air–Lift Assoc., Inc.*, 79 N.C.App. 315, 321, 339 S.E.2d 90, 93 (1986). In matters of procedure, North Carolina courts apply the rule of lex fori and adhere to the procedural rules of the forum state. *Charnock*, 223 N.C. at 361, 26 S.E.2d at 913. Additionally, North Carolina law is dispositive on whether an issue is substantive or procedural. *Williams v. Riley*, 56 N.C.App. 427, 429, 289 S.E.2d 102, 104 (1982). Under North Carolina law, a statute of limitations is a procedural device, and in actions in North Carolina courts, the forum's statute of limitations must be applied. *Sayer v. Henderson*, 225 N.C. 642, 643, 35 S.E.2d 875, 876 (1945).

■ North Carolina has a two year statute of limitations for actions brought under North Carolina's wrongful death statute.[1] N.C.Gen.Stat. § 1–53(4). This two year limit is not a condition precedent to an action, but rather is a traditional statute of limitations. *Brown v. Lumbermens Mut. Casualty Co.*, 285 N.C. 313, 315, 204 S.E.2d 829, 831 (1974). At first glance, it appears that a North Carolina court would apply the two year limit to the claim in this case, and the action, having been brought one year after the expiration of the two year period, would be barred. However, by its terms, the two year statute of limitations applies only to actions brought under the North Carolina wrongful death statute, and this claim was brought under the South Carolina wrongful death statute. The task emerges to determine what limitations period the North Carolina courts would apply if faced with this fact scenario.

■ Plaintiff argues that the North Carolina courts would apply South Carolina's statute of limitations. South Carolina has a three year statute of limitations for actions brought under South Carolina's wrongful

---

**1.** "Actions for damages on account of the death of a person caused by the wrongful act, neglect or fault of another under G.S. 28A–18–2 [statute providing cause of action for death by wrongful act of another]" must be brought within two years. N.C.Gen.Stat. § 1–53(4).

death statute. S.C.Code Ann. § 15–3–530(6). Plaintiff asserts that South Carolina's statute of limitations for wrongful death statutes serves as a condition precedent to actions filed, and is therefore, substantive and part of the lex loci which must be applied in this case. Plaintiff's argument, however, has been undercut by a South Carolina Supreme Court opinion issued after Plaintiff's brief was filed. In an opinion issued to answer questions certified to it by the United States District Court for the District of South Carolina, the South Carolina Supreme Court stated that through amendments, the legislature had moved the limitation period from the wrongful death statute to the general statute setting out statutes of limitation. *Thomas v. Grayson*, —— S.C. ——, 456 S.E.2d 377 (1995).[2] From this act, the South Carolina Supreme Court determined that the limit was an ordinary statute of limitations and not a condition precedent to an action. *Id.* Thus, the three year statute of limitations in South Carolina is not a substantive provision of the statute. The North Carolina courts would not be obliged to accept the three year limit as part of the lex loci.

The question remains as to what statute of limitations North Carolina courts would apply to this case. The North Carolina Supreme Court addressed a similar situation in 1930. In *Tieffenbrun v. Flannery*, 198 N.C. 397, 151 S.E. 857 (1930), the plaintiff's decedent had been killed as a result of being struck by an automobile in Florida. The plaintiff brought suit against the driver in North Carolina under the Florida wrongful death statute. The Florida statute of limitations, an ordinary statute of limitations, was two years, and North Carolina's wrongful death statute contained a one year limitations period. The action was brought one day short of two years after the decedent's death.

At the time of the action in *Tieffenbrun*, the one year limit was contained in the wrongful death statute. The court had previously held that the limit was a condition precedent to an action. A plaintiff's burden

included establishing that the action had been brought within one year of the decedent's death. In *Tieffenbrun*, the North Carolina Supreme Court held that the one year limit was an ordinary statute of limitations as well as a condition precedent. The one year limit was applied, and the plaintiff's case was dismissed. The court stated that the one year limit "was a legislative declaration of the policy of this state, providing in express and mandatory language that no action for wrongful death shall be asserted in the courts of this State after the expiration of one year from the time of death." *Id.* at 403, 151 S.E. 857.

This Court determines that the North Carolina courts would apply the two year statute of limitations to this case. This case is very similar to *Tieffenbrun*; in each case, the cause of action arose in another state and the claim was made under that state's statute. In addition, in both this case and in *Tieffenbrun*, the other state had a longer statute of limitations than did North Carolina. The only distinction between the cases is that in *Tieffenbrun*, the limitations period applied was part and parcel of North Carolina's wrongful death statute while in this case, the present two year limit only references the wrongful death statute. In *Tieffenbrun*, the court applied North Carolina's limitation period which was very closely associated with North Carolina's substantive law to an action arising under Florida law. It is logical to conclude that the current limitation period which is associated less closely with the substantive provisions would be applied to an action arising under South Carolina law. Additionally, as the North Carolina Supreme Court commented in *Tieffenbrun*, the North Carolina legislature by establishing the statute of limitations, has indicated that public policy dictates that wrongful death actions should not be brought in this state more than two years after the death of the decedent.

A North Carolina court facing this fact scenario would follow *Tieffenbrun* and adhere to the legislative policy indicated by a statute of limitations by applying North Car-

---

**2.** As of this writing, the opinion had not been released for publication in the permanent law reports. Until it is released, it is subject to revision or withdrawal. At worst, it is a very persuasive exposition of South Carolina law.

olina's two year statute of limitations to a wrongful death action based on a South Carolina statute. As a federal court sitting in diversity, this Court must do the same. Plaintiff's action having been brought on the eve of the third anniversary of the death of her decedent is barred by North Carolina's two year statute of limitations. This action is DISMISSED.

### JUDGMENT

For the reasons stated in the Memorandum Opinion filed contemporaneously herewith,

IT IS ORDERED AND ADJUDGED that Defendant's motion for judgment on the pleadings is GRANTED. Plaintiff's complaint is DISMISSED.